The opinion of the court was delivered by
Spencer, J.
Defendant, having been indicted and convicted of mur•der, without capital punishment, appeals and has assigned various -grounds of reversal. It will be necessary to notice but one of them.
It appears by bill of exceptions that in impaneling the jury there were a number of the regular venire who failed to answer to their names ■when called by the sheriff at his desk inside the courthouse ; that without completing the jury the panel was exhausted, and, thereupon, the •court ordered the sheriff to summon talesmen to complete it. The defendant requested, thereupon, that the court order the sheriff to call -the absent regular jurors at the courthouse door, and objected to tales-men being summoned until that was done. The court overruled the objection and refused the request, stating as a reason that he had •announced previously that jurors would be called at the bar, and not at -the door, and must be present in the court-room.
We think the judge should have ordered the absent jurors to 'be called at the door of the courthouse, if required by the accused. He had the legal right to be tried by a jury from the regular panel, if it could be procured without unnecessary delay. Talesmen are only to be taken in the event this can not be conveniently done. We think it was a reasonable request, one easily and speedily complied with, occasioning •no delay in the cause, and in nowise prejudicing the rights of the State.
It is a customary and usual practice to repeat the call at the door of *1155 ■the courthouse, and one which should not be refused if required by the ■accused, in order to verify the absence of the jurors. It is easy to see ■that an impartial trial is more likely to be had by a jury taken from the regular panel by lot than by talesmen selected by the sheriff. In so ■grave a case as this we are not disposed to sanction the non-observ•ance of any of the usual forms tending to secure a fair trial. The judge might very well notify and require jurors to remain in the building, and ■punish them for disobedience ; but the fact that he had so notified them ■should not deprive the accused of having so reasonable a verification of ■their absence as that asked in this case.
It is therefore ordered and decreed that the verdict and sentence appealed from be set aside, and that this case be remanded for new 'trial, and to be proceeded with according to law.